Ronald L. Richman, SBN 139189
Joye Blanscett, SBN 191242
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California  94108
E-mail: ron.richman@bullivant.com
E-mail: joye.blanscett@bullivant.com
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>ALICIA A. SAVAGE, individually and dba SAVAGE BUILDING MAINTENANCE; and FELICIA L. SAVAGE, individually and dba SAVAGE BUILDING MAINTENANCE<br><br>                    Defendants. | Case No.: C 07-03195 JL<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND FOR A MANDATORY INJUNCTION**<br><br>[29 U.S.C. § 185(a) and 29 U.S.C. §§ 1109, 1132(g)(2), 1145] |

Now come the Plaintiffs, hereinabove named, and for their causes of action against Defendants, and each of them, allege as follows:

6087409.1                                            – 1 –
FIRST AMENDED COMPLAINT FOR DAMAGES

## I. JURISDICTION AND VENUE

1. This is an action for damages for breach of the collective bargaining agreement described below and for injunctive relief. This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. § 185 (§ 301 of the Labor Management Relations Act of 1947, as amended) and 29 U.S.C. §§ 1132(a)(3) and 1132(e)(1) (§§ 502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended) ("ERISA"). The suit arises from the defendants' failure to permit an audit of their books and records as required by the collective bargaining agreements, by the written trust agreements and by provisions of federal law.

2. Venue of the within action is properly laid in the U.S. District Court for the Northern District of California in that, under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), contributions are made to, and benefits are paid from, a corporate co-trustee bank in the Northern District of California.

## II. PARTIES

3. The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California are the Plaintiffs herein. The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California ("the Trust Funds") are trust funds organized under and pursuant to the provisions of §§ 302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 186(c)(5) and 186(c)(6). The Trust Funds were established through collective bargaining agreements between the Northern California District Council of Laborers and employer associations representing construction industry employers doing business in Northern California. The Trust Funds are employee benefit plans created by written trust agreements subject to and pursuant to §§ 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The Boards of Trustees, as fiduciaries, are the plaintiffs, who sue on behalf of the Trust Funds.

4. Each of the Trust Funds is a third party beneficiary of the collective bargaining agreement described below.

5. At all times mentioned herein, each of the Trust Funds was an express trust created by a written trust agreement subject to and pursuant to § 302 of the Labor Management Relations Act, 29 U.S.C. § 186, and a multi-employer benefit plan within the meaning of sections 3 and 4 of ERISA, 29 U.S.C. §§ 1002, 1003.

6. The Trust Funds provide a variety of benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements. The duties of the Board of Trustees of the Trust Funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payments and contributions to the Trust Funds.

7. Plaintiffs are informed and believe, and upon that ground allege, that at all times material hereto, Savage Building Maintenance ("Savage") is a business entity owned, operated and controlled by Alicia A. Savage and Felicia L. Savage with its principal place of business located in Beverly Hills, California. Plaintiffs are further informed and believe, and upon that ground allege, that defendants are and have been an employer within the meaning of Section 3(5) and Section 515 of ERISA, 29 U.S.C. §§ 1002(5), 1145 and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

### III. FIRST CLAIM FOR RELIEF
### (Breach of Collective Bargaining Agreement)

8. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-7 of this Complaint.

9. On or about August 21, 2001, Alicia A. Savage executed a standard memorandum agreement on behalf of Savage as its owner. By virtue of her signing the memorandum agreement, defendants became bound to a written collective bargaining agreement with the Northern California District Council of Laborers ("Laborers Union") referred to as the Master Agreement ("Master Agreement"). In agreeing to be bound to the Master Agreement, defendants further agreed to be subject to and bound by all provisions and

conditions of the written Trust Agreements which established the Trust Funds. Pursuant to the provisions of the Master Agreement, defendants agreed to be bound by all terms relating to wages, hours and conditions of employment prescribed therein with the Laborers Union.

10. By virtue of the Master Agreement and Trust Agreements, Defendants promised and agreed that: (1) they would pay employee fringe benefit contributions into each Trust Fund in regular monthly installments commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event that any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, they would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150.00 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against them, defendants would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in connection with such suit.

11. By virtue of the Master Agreement and Trust Agreements, defendants further promised and agreed that they would permit the Trust Funds' auditor to enter upon defendants' business premises, during business hours, at a reasonable time or times, not less that two (2) working days after such request, to examine and copy such books and records, papers or reports of defendants as may be necessary to determine whether defendants are making full and prompt payment of all sums to be paid to the Trust Funds.

12. The Master Agreement between the Laborers Union and defendants has never been terminated.

13. Plaintiffs have performed all conditions, covenants and promises on their part to be performed in accordance with the terms and conditions of the Master Agreement and Trust Agreements.

14. The Trust Funds have on more than one occasion requested entry by their auditor to defendant's business premises to inspect and copy defendants' books and records pursuant to the terms and conditions of the Master Agreement and Trust Agreements.

15. Defendants have refused and continue to refuse to allow the Trust Funds' auditor to enter upon defendants' business premises to inspect and copy defendants' books and records.

16. Plaintiffs are informed and believe that an inspection of defendants' books and records will show unpaid and delinquent employee fringe benefit contributions and that defendants owe interest and liquidated damages on said unpaid and delinquent fringe benefit contributions all in an amount to be proved at trial.

17. Defendants have materially breached and broke the aforesaid Master Agreement and Trust Agreements by (a) refusing to allow the inspection and copy of their books and records by the Trust Funds' auditor and (b) failing to pay all employee fringe benefit contributions owed to the Trust Funds under the terms and conditions of the Master Agreement and Trust Agreements.

18. The aforesaid material breaches proximately caused damages to plaintiffs in an amount according to proof at trial.

19. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of the Master Agreement and the Trust Agreements, plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

### IV.   SECOND CLAIM FOR RELIEF
### (Mandatory Injunction)
### (ERISA § 502(g)(2)(E))

20. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-19 of this Complaint.

21. Pursuant to the terms and conditions of the Master Agreement and Trust Agreements, defendants are required to allow the Trust Funds access to their books and records to determine the amount of trust fund contributions due and owing. Plaintiffs have, as one of their purposes, the obligation to ensure that contributions required to be made to the Trust Funds are fully and correctly made. The purposes of the respective Trust Funds are to provide health

and welfare, vacation, pension and other benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreement referred to herein comply with the terms of the agreement with respect to the payment of contributions to the Trust Funds.

22. Pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), the Court may award such other legal or equitable relief as the Court deems appropriate, and pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), plaintiffs are entitled to obtain appropriate equitable relief for the breaches alleged herein. Plaintiffs seek a mandatory injunctive order of this Court ordering and requiring defendants to permit plaintiffs' auditor access to the books and records of defendants, in order to permit plaintiffs to verify the precise amounts owed by defendants to the Trust Funds.

23. Plaintiffs seek a mandatory injunctive order from this Court because plaintiffs have no adequate legal remedy in that an audit of the books and records of defendants is the only means to accurately verify the amounts owed by defendants to the Trust Funds.

WHEREFORE, plaintiffs pray for judgment as set forth below.

### VII. RELIEF REQUESTED

WHEREFORE, plaintiffs pray for judgment as follows:

1. On the First Claim for Relief, for damages for breach of the collective bargaining agreement for judgment against defendants, joint and severable, for all unpaid contributions additional accrued interest and liquidated damages, and such other or further amounts as may be shown at trial and as may be discovered after plaintiffs have had the opportunity to conduct an audit of defendants' books and records, for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

2. On the Second Claim for Relief, that defendants be compelled to forthwith submit to an audit by an auditor selected by plaintiffs, which audit is to be conducted at the premises of defendants during business hours, at a reasonable time or times, and to allow said auditor to examine and copy such books, records, papers and reports of defendants that are relevant to the

1 | enforcement of the collective bargaining agreement and trust agreements, including, but not
2 | limited to, the following for the period of August 21, 2001 through the present:

> California Quarterly Report of Wages, Form DE-6; Federal Tax Forms W-3/W-2 and 1069/1099; Payroll Registers/Journals; Individual Earnings Records; Source Records, including time cards and time card summaries for all employees; contribution reports for all trust funds; workers' compensation reports; certified payroll reports; personnel records indicating job classifications and hire/termination dates; cash disbursement journal; vendor invoices; copies of subcontract agreements; cash receipts journal; general ledger; job cost records; records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation.

DATED:  October 9, 2007

BULLIVANT HOUSER BAILEY PC

By _____
Joye Blanscett
Attorneys for Plaintiffs

6087409.1                                              – 7 –
FIRST AMENDED COMPLAINT FOR DAMAGES