Ronald L. Richman, SBN 139189
Susan J. Olson, SBN 152467
Bullivant Houser Bailey PC
601 California Street, Suite 1800
San Francisco, CA 94108
e-mail: ron.richman@bullivant.com
e-mail: susan.olson@bullivant.com
Telephone:    (415) 352-2700
Facsimile:    (415) 352-2701

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>ALICIA A. SAVAGE, individually and dba SAVAGE BUILDING MAINTENANCE; and FELICIA L. SAVAGE, individually and dba SAVAGE BUILDING MAINTENANCE,<br><br>Defendants. | Case No.: C 07-03195 CRB<br><br>**DECLARATION OF JOHN J. HAGAN IN SUPPORT OF MOTION IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>**FRCP § 65**<br><br>Date:    May 9, 2008<br>Time:    10:00 a.m.<br>Ctroom:    8 |

10460142.
1

1    I, JOHN J. HAGAN, declare as follows:

2    1. I am the Accounts Receivable Manager for the Laborers Funds Administrative Office

3    of Northern California, Inc. ("the Fund Office"), which provides administrative services for the

4    Plaintiffs Trust Funds that are parties to this action as well as the respective Boards of Trustees

5    for the Trust Funds.

6    2. I have personal knowledge of the foregoing and, if called upon to testify, am

7    competent to do so.

8    3. As the Accounts Receivable Manager, I monitor the compliance of employers

9    signatory to the collective bargaining agreements underlying the Trust Funds. Thus, I oversee

10   the records of the employer's enrollment under the collective bargaining agreement, the

11   employer's submission of monthly employer reports, and the employer's payment of monthly

12   fringe benefit contributions. In doing so, I work with field agents and auditors who monitor

13   employment of Laborers and examine employers' employment and contribution records.

14   4. Each of the Trust Funds is an express trust created by written Trust Agreements

15   pursuant to collective bargaining agreements between the Northern California District Council

16   of Laborers and an employer association representing construction industry employers doing

17   business in Northern California. The Trust Funds provide a variety of benefits for laborers,

18   retired laborers and other related covered employees on whose behalf contributions are made

19   pursuant to collective bargaining agreements.

20   5. In my capacity as Accounts Receivable Manager, I have personal knowledge of the

21   usual practices of the Trust Funds and personal knowledge of the Trust Funds' account of

22   employer ALICIA A. SAVAGE, individually and dba SAVAGE BUILDING

23   MAINTENANCE; and FELICIA L. SAVAGE, individually and dba SAVAGE BUILDING

24   MAINTENANCE, ("Savage Building Maintenance"). I have personal knowledge of the records

25   of the Trust Funds with respect to this account, which were kept in the ordinary course of

26   business.

27   / / /

28   / / /

6. I am familiar with the Trust Agreements for the Trust Funds, with the Laborers' Master Agreement between Associated General Contractors of California, Inc. and the Northern California District Council of Laborers ("the Union"), and with the form of Memorandum of Agreement pursuant to which individual employers may become signatory to the Master Agreement. The Memorandum of Agreement incorporates the terms of the Master Agreement, and provides that the individual employer agrees to be bound by all obligations of the Trust Agreements.

7. Pursuant to the Master Agreement and the Trust Agreements, a signatory employer is obligated to contribute to the Laborers Trust Funds for benefits based upon the number of hours of covered work by their employees and subcontractors. It is the usual practice of the Fund Office to send each employer a monthly Combined Employer Report of Contributions form showing the contribution rate per hour. The employer is to fill out the form, showing the total number of hours of covered work performed in the reporting month, and calculating the amount due for the employer's contribution. The Employer Report also identifies the employees, by name and social security number, whose hours are being reported, and the hours worked by them for the reported month. The employer is to return the completed Employer Report, along with its payment for the contribution amount, by the 25th day of the month following the month in which the hours were worked.

8. The Fund Office collects employer contributions and deposits them in a bank account maintained for the Trust Funds in San Francisco, California. The Fund Office also administers the Trust Funds' employee benefit plans.

9. The Trust Funds depend upon the employer self-reports to collect contributions due for employee fringe benefits and to credit plan participants with service hours. The Trust Funds also conduct random and special payroll audits of employers, and may also review employee check stubs and certified payroll records on particular jobs, to determine whether all hours are being properly reported and paid. It is part of my duties as Accounts Receivable Manager to arrange for and supervise these audits and the examination of other records such as certified payroll reports and employee check stubs. It is the Trust Fund's usual practice, in conducting an

10460142.
1

DECLARATION OF JOHN J. HAGAN IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

1    audit, to send a field auditor to examine the payroll, tax, and subcontracting records of the

2    employer, along with any other documents that would be pertinent to determining the number of

3    hours of covered work done. The auditor records the hours, and then the auditor or other Fund

4    Office personnel compare them with the employer's reported hours to determine whether there

5    is a discrepancy. If there are unreported hours, a Statement of Contributions Due from Audit is

6    generated by applying the contribution rate applicable for the work period to the unreported

7    hours. In addition, a Statement of Liquidated Damages is generated, using the interest rate and

8    liquidated damages amounts specified in the collective bargaining agreement. If there are over-

9    reported hours, a Statement of Over Reported Hours is generated.

10    10. Plaintiffs Trust Funds, established under Trust Agreements, consist of all employee

11    fringe benefit contributions that are to be made by employers pursuant to collective bargaining

12    agreements as well as all returns on contributions and any other property received or held by the

13    Trust Funds.  See <u>Trust Agreement – Laborers Pension Trust Fund For Northern California</u>, a

14    copy of page one which is attached hereto as <u>Exhibit A</u>. See also Article II, Section 1, of the

15    Trust Agreement establishing the Laborers Pension Trust Fund for Northern California, pages 5-

16    6, a copy of which is attached hereto as <u>Exhibit B</u>.

17    11. The Trust Agreements for the Laborers Health and Welfare Trust Fund for Northern

18    California, the Laborers Vacation-Holiday Trust Fund for Northern California and the Laborers

19    Training and Retraining Trust Fund for Northern California contain the same terms and

20    conditions as the Trust Agreement for the Laborers Pension Trust Fund for Northern California.

21    So the same references to the Laborers Pension Trust Fund for Northern California apply to the

22    Laborers Health and Welfare Trust Fund for Northern California, the Laborers Vacation-

23    Holiday Trust Fund for Northern California and the Laborers Training and Retraining Trust

24    Fund for Northern California.

25    12. Further, within the Laborers Pension Trust Fund for Northern California,

26    <u>Amendment No. 15 To Trust Agreement Establishing The Laborers Pension Trust Fund for</u>

27    <u>Northern California</u> provides for the establishment and maintenance of the Annuity Fund and

28    Annuity Plan.  Amendment 15 further designates the Trustees of the Pension Trust Fund as

1  named fiduciaries with exclusive authority to control, manage and administer the Annuity Fund

2  and Plan within the Laborers Pension Trust Fund for Northern California. A copy of

3  Amendment No. 15 is attached hereto as Exhibit C.

4      13. The Trust Funds provide a wide variety of benefits for laborers, retired laborers and

5  other related covered employees on whose behalf employee fringe benefit contributions are

6  made pursuant to a collective bargaining agreement. The duties of the Boards of Trustees to the

7  Trust Funds include ensuring that employers who are signatories to the collective bargaining

8  agreements comply with the terms and conditions of the collective bargaining agreements,

9  namely, payments and contributions to the Trust Funds on behalf of the covered employees.

10  The Trust Agreement permits the Boards of Trustees to seek judicial relief to recover prompt

11  payment of contributions due, including the recovery of delinquent contributions, and further, to

12  seek all attorneys' fees and costs incurred in a lawsuit to recover the delinquent contributions.

13  A copy of the Pension Trust Agreement, Article IV, Section 3, is attached hereto as Exhibit D.

14      14. The Pension Trust Agreement further provides that an employer must submit to an

15  audit by the Board of Trustees and in so doing, produce its books and financial records to the

16  Board of Trustees. See the Pension Trust Agreement, Article IV, Section 7, a copy of which is

17  attached hereto as Exhibit E.

18      15. On or about August 21, 2001 Defendant Alicia A. Savage, on behalf of and as

19  owner of Savage Building Maintenance, entered into a written Memorandum Agreement with

20  the Northern California District Council of Laborers. A copy of the Memorandum Agreement is

21  attached hereto as Exhibit F.

22      16. I am advised that the Memorandum Agreement has not been terminated.

23      17. The Trust Agreements are essentially identical. As example, the Trust Agreement

24  for the Laborers Pension Fund for Northern California at Article IV, Section 7, provides the

25  following, in pertinent part:

26          Upon request in writing from the Board, any Individual Employer
           will permit a certified public accountant selected by the Board to
27          enter upon the premises of such Individual Employer during
           business hours, at a reasonable time or times, and to examine and
28          copy such books, records, papers or reports of such Individual
           Employer as may be necessary to determine whether the Individual

Employer is making full and prompt payment of all sums required
to be paid by him or it to the Fund..

A copy of the Trust Agreement for the Laborers Pension Fund for Northern California at Article IV, Section 7, is attached hereto as Exhibit E.

18. The Trust Funds have no other means for accurately determining the hours of covered work performed by an employer and so the amount of contributions owed under the Master Agreement than by obtaining periodic audits of signatory employers. The Trust Funds have not had such an audit of defendant since 2001, and despite plaintiffs' demands for an audit, and defendants; obligation to allow an audit, defendants have not allowed the Trust Funds' auditor to examine their business records.

19. Plaintiffs will suffer irreparable injury if they are not granted a preliminary mandatory injunction compelling defendant to submit to an audit. The only way to determine whether a signatory employer has fully and properly reported covered work performed under the Master Agreement is to audit the employer's business records. While information voluntarily submitted by employees and information subpoenaed from state agencies may serve as a check to confirm whether the employer is properly reporting covered work, such information is incomplete. Without an audit of the employer's business records the trust funds have no way to determined the full amount of covered work performed and so the full amount of employer contributions owed.

20. Absent such an audit, Plaintiffs Trust Funds are unable to discover unreported or under-reported covered work and would be unable to collect employer contributions owed for such work. Employees whose work is not reported or is under-reported may lose eligibility for health and welfare benefits, vacation and holiday pay, and pension benefits. Even if such covered work is later discovered and proven to the trust funds, lack of timely health and welfare coverage may result in irreparable injury to participants or their beneficiaries; and, though the plan will be required to provide earned pension benefits, it may be too late for the plan to obtain payment from the employer for such pension benefits, so irreparably injuring the Pension Fund.

/ / /

21. For purposes of the audit, Plaintiffs Trust Funds require access to the following records in order to conduct a meaningful audit:

> California Quarterly Report of Wages, Form DE-6; Federal Tax Forms W-3/W-2 and 1069/1099; Payroll Registers/Journals; Individual Earnings Records; Source Records, including time cards and time card summaries for all employees; contribution reports for all trust funds; workers' compensation reports; certified payroll reports; personnel records indicating job classifications and hire/termination dates; cash disbursement journal; vendor invoices; copies of subcontract agreements; cash receipts journal; general ledger; job cost records; records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed at Fairfield, California on March 13, 2008.

John J. Hagan
John J. Hagan

DECLARATION OF JOHN J. HAGAN IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

# EXHIBIT A

<u>TRUST AGREEMENT</u>

<u>LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA</u>

THIS TRUST AGREEMENT, made and entered into as of the 2d day of August, 1963, by and between NORTHERN AND CENTRAL CALIFORNIA CHAPTER, THE ASSOCIATED GENERAL CONTRACTORS OF AMERICA, INC., hereinafter referred to as the "Employer", and the NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS, AFL-CIO, hereinafter referred to as the "Union", recites and provides as follows:

RECITALS:

1. The Employer, and the other employer organizations signatory to this Trust Agreement, are parties to collective bargaining agreements with the Union, known respectively as the LABORERS 46 Northern California Counties Master Agreement and the LABORERS 46 Northern California Counties Tunnel Master Agreement, both of which are dated June 27, 1962, which provide in sections 28 (b) and 26 (B), respectively, thereof as follows:

"Effective for work performed on or after September 1, 1962, each individual employer covered by this agreement shall contribute to a Pension Plan the sum of Five (5) Cents for each hour for which each employee is compensated by the individual employer under this Agreement (for example, an employee working on a shift work works seven (7) hours on either a straight time or overtime day Employer will contribute eight (8) times the contribution rate above set forth).

The details of such plan shall be completed by January 1, 1963 by a sub-committee on which the Employer and the Union shall be equally represented. Said sum shall be paid into a lawful escrow established by the subcommittee pending the completion of the negotiations and shall then be paid into a lawful pension trust, which shall be qualified under the applicable income tax laws. The rate of contribution will be increased to Ten (10) Cents per hour effective June 15, 1964."

2. In addition, various individual employers performing work within the area covered by said Master Agreements are now or will become parties to collective bargaining agreements with the Union providing that said individual employers will comply with the wages, hours and working conditions as set forth in said Master

-1-

Exhibit A - Page 1

# EXHIBIT B

agreement to be bound by the terms of this Trust Agreement or a written acceptance or authorization of this Trust Agreement or any such Master Agreements.

SECTION 7.  The term "Trustee" means any natural person designated as Trustee pursuant to ARTICLE III hereof, but shall not include the Corporate Co-Trustee hereinafter defined.

SECTION 8.  The terms "Board of Trustees" or "Board" mean the Board of Trustees established by this Trust Agreement.

SECTION 9.  The terms "Pension Fund" or "Fund" mean the trust fund created and established by this Trust Agreement.

SECTION 10.  The terms "Pension Plan" or "Plan" mean the Pension Plan created pursuant to the Collective Bargaining Agreements and this Trust Agreement and any modification, amendment, extension or renewal of said Plan.

SECTION 11.  The term "Trust Agreement" means this agreement and any modification, amendment, extension or renewal thereof.

SECTION 12.  The term "Contribution" means the payment made or to be made to the Fund by an Individual Employer.  The term "Contribution" shall also include a payment made on behalf of an Employee of the Union or any affiliated local union pursuant to regulations adopted by the Board of Trustees.

SECTION 13.  The term "Affiliated Local Union" means any local union affiliated with the Union whose members perform work covered by a Collective Agreement.

SECTION 14.  The term "Corporate Co-Trustee" means the Corporate Co-Trustee appointed for the purposes specified in this Trust Agreement.

## Article II

### TRUST FUND

SECTION 1.  There is hereby created the Laborers Pension Trust Fund for Northern

-5-

California, which shall consist of all Contributions required by the Collective Bargaining Agreements to be made for the establishment and maintenance of the Plan, and all interest, income and other returns thereon of any kind whatsoever, and any other property received or held by reason of or pursuant to this trust. All sums held in escrow by the Crocker-Anglo National Bank pursuant to the Escrow Agreement dated October 2, 1962, and all interest or other returns of any kind thereon shall be and become a part of this trust and of the Fund.

SECTION 2.  The Fund shall have its principal office in the City and County of San Francisco.

SECTION 3.  No Employee shall be entitled to receive any part of the Contributions made or required to be made to the Fund in lieu of the benefits provided by the Plan.

SECTION 4.  Subject to the continuing supervision, control and direction of the Board of Trustees and to the provisions hereof, the Corporate Co-Trustee shall be vested with all right, title and interest in and to the Fund for the uses, purposes and duties set forth in this Trust Agreement. The Fund shall be administered by the Board of Trustees for the exclusive benefit of Employees and Retired Employees and the beneficiaries of such Employees or Retired Employees pursuant to the provisions of the Pension Plan. Notwithstanding anything to the contrary contained in this Trust Agreement or in the Plan, or any modification, amendment, extension or renewal hereof or of the Plan, no portion of the Fund shall at any time revert to, or be recoverable by, the Employer, any Signatory Association, any Individual Employer, the Union, any affiliated local union, or be used for, or diverted to, purposes other than for the exclusive benefit of Employees, Retired Employees or their beneficiaries under the Plan, and the payment of the administrative expenses of the Fund and the Plan, except

-6-

# EXHIBIT C

AMENDMENT NO. 15 TO TRUST AGREEMENT ESTABLISHING
THE LABORERS PENSION TRUST FUND
FOR NORTHERN CALIFORNIA

This Amendment No. 15 to the Trust Agreement dated August 2, 1963, establishing the Laborers Pension Trust Fund for Northern California, made and entered into as of the 14th day of October, 1985, by and between the Employer and the Union named in said Trust Agreement acting pursuant to Section 1 of Article XI of said Trust Agreement provides as follows:

1.    A new Section 12 is added to Article IV providing as follows:

Section 12.    (A)  The Board of Trustees may establish and maintain a defined contribution plan, to be known as the Laborers Annuity Plan for Northern California, which shall be funded separately from the Pension Plan and which shall otherwise be separate and apart from that Plan, except to the extent provided in this Section.

(B)  The Annuity Plan shall be funded by the Laborers Annuity Trust Fund for Northern California, which Fund is hereby established and which shall consist of all contributions required by Collective Bargaining Agreements to be made for the establishment and maintenance of the Annuity Plan, and all interest, income or other returns thereon of any kind whatsoever, and any other money or property received or held for the uses and purposes of the Annuity Plan.

(C)  The Employer and the Union expressly designate the Trustees of the Pension Fund jointly as named fiduciaries, who shall have exclusive authority and discretion acting as the Board of Trustees as herein provided to control and manage the assets, operation and administration of the Annuity Fund and the Annuity Plan.

(D)  The Annuity Plan established pursuant to the Section shall set forth the detailed basis on which annuity benefits are to be paid. The Board of Trustees may at any time, and from time to time, amend or modify the Annuity Plan, except that no amendment or modification may reduce any benefits payable to Employees who retire prior to such amendment or modification so long as funds are available for payment of such benefits.  In no event shall any amendment or modification of the Annuity Plan cause or result in any portion of the Annuity Fund reverting to, or being recoverable by, the Employer, any Signatory Association, any Individual Employer, the Union, or any affiliated Local Union, or cause or result in the diversion of any portion of the Annuity Fund to any purpose other than the exclusive benefit of Participants and their Beneficiaries under the Annuity Plan, the Payment of the administrative expenses of the Annuity Fund and the Annuity Plan and the refund of employer contributions as permitted by applicable law.

Exhibit C - Page 1

(E)  It is the intent and purpose of the parties to this Trust Agreement that Contributions to the Annuity Fund shall be at all times deductible by the Individual Employers for income tax purposes in the taxable year when paid, that benefits to Participants and Beneficiaries shall be at all times taxable to them, if at all, only in the year such benefits are distributed or made available to such Participants or Bene- ficiaries and that the trust created hereby shall be at all times tax- exempt.  Application for the qualification of the trust created by this Section under the Internal Revenue Code shall be made as soon as practi- cable, and the parties and the Board of Trustees shall do whatever may be necessary to secure such qualification as soon as possible.  If any administrative or judicial ruling holds that any provisions of this Section or of the Annuity Plan prevents or defeats the qualification of the trust as herein provided or any other objective stated in this Subsection, either under presently existing laws or regulations or under any laws or regulations hereafter enacted or adopted, or if for any reason it shall be necessary or desirable to amend this Subsection or the Annuity Plan to accomplish any such objective, the parties will forthwith enter into negotiations with regard to the amendment of this Subsection or the Annuity Plan in such respects as may be necessary to accomplish such qualification or other objective, consistently with the other objectives and purposes of this Subsection, and any such amend- ment shall be effective, insofar as practicable, as of the effective date of this Subsection or of the Annuity Plan or as of the effective date of any such law or regulation hereafter enacted or adopted, as the case may require.

(F)  Subject to the qualifications provided in this Section, all of the provisions of this Trust Agreement with respect to the Pension Fund and the Pension Plan shall apply to and govern the Annuity Fund and the Annuity Plan and the responsibility and authority of the Board of Trustees with respect to the Annuity Fund and the Annuity Plan.

2.  The provisions of this amendment shall be effective as of April 1, 1985.

3.  Except as herein expressly modified, all of the terms and provisions of said Trust Agreement, as amended, are continued in full force and effect.

EXECUTED as of the day and year first above written.

For the Employer:

ASSOCIATED GENERAL CONTRACTORS
OF CALIFORNIA, INC.

Richard B. Munn
Executive Director

For the Union:

NORTHERN CALIFORNIA DISTRICT
COUNCIL OF LABORERS, AFL-CIO

By _Thomas S Clark_

By _George Goodfellow_

By _Chester Mucken_

- 2 -

Exhibit C - Page 2

# EXHIBIT D

## Article IV

### FUNCTIONS AND POWERS OF BOARD OF TRUSTEES

SECTION 1.  The Board of Trustees shall have the power to administer the Fund and to administer and maintain the Plan in effect, having and performing all powers and duties reasonably necessary to maintain and operate the Plan in such a way as to accomplish its objectives.

SECTION 2.  All Contributions to the Plan or the Fund shall be due and payable at San Francisco, California and shall be paid to, received and held by the Corporate Co-Trustee subject to the trust established by this Trust Agreement and all the terms and provisions hereof.  The acceptance and cashing of any checks for such Contributions, and the disposition of the moneys covered thereby in accordance with this Trust Agreement, shall not release or discharge the Individual Employer from his or its obligation under the Collective Bargaining Agreement for hours worked under said Agreement for which no Contribution has actually been received, notwithstanding any statement, restriction or qualification appearing on the check or any attachment thereto.

SECTION 3.  The Trustees shall have the power in the name of the Corporate Co-Trustee, in their own names or otherwise, as in their discretion may be deemed necessary or desirable, to demand and enforce the prompt payment of Contributions to the Fund, including payments due to delinquencies as provided in Section 10 of Article II, and to assert and enforce all priorities, lien rights, and other claims or rights with respect to any Contributions or payments belonging to the Fund, this Trust or any of its beneficiaries, including the right to file priority and other claims in bankruptcy.  If any Individual Employer defaults in the making of such Contributions or payments and if the Board consults or causes to be consulted legal

-12-

counsel with respect thereto, there shall be added to the obligation of the Individual Employer who is in default, reasonable attorneys fees, court costs and all other reasonable expenses incurred in connection with such suit or claim, including any and all appellate proceedings therein.

SECTION 4.  Without limitation of the provisions of Section 1 of this Article, the Board of Trustees shall have power:

(A)  To pay or cause to be paid out of the Fund the reasonable expenses incurred in the establishment of the Fund and the Plan.

(B)  To establish and accumulate such reserve funds as may be adequate to provide for administration expenses and other obligations of the Fund, including the maintenance in effect of the Plan.

(C)  To employ such executive, consultant, actuarial, administrative, clerical, secretarial and legal personnel and other employees and assistants, as may be necessary in connection with the administration of the Fund and the Plan and to pay or cause to be paid, out of the Fund, the compensation and necessary expenses of such personnel and assistants and the costs of office space, furnishings and supplies and other essentials required in such administration.  If the Board is unable to agree upon the employment of either a consultant-actuary or an attorney pursuant to this clause, the Employer Trustees and the Employee Trustees may each select a consultant-actuary or an attorney, or both, as the case may require, who shall be directed to act jointly with each other in connection with the administration of the Fund, and the reasonable cost of such service or services shall be paid from the Fund.

(D)  To incur and pay or cause to be paid out of the Fund any other expense reasonably incidental to the administration of the Fund or the Plan.

-13-

# EXHIBIT E

accounts.

(P)  To adopt and prescribe reasonable rules and procedures, which shall not be inconsistent with the provisions of this Trust Agreement or of the Plan, governing the reporting of Contributions, the entitlement to pension benefits, the method of applying for pension benefits, and any and all other matters in connection with the Fund and the Plan.

(Q)  To exercise and perform any and all of the other powers and duties specified in this Trust Agreement or the Plan.

SECTION 5.  The Board of Trustees shall procure all bonds required by law including specifically fidelity bonds for each Trustee or other person authorized to receive, handle, deal with or draw upon the moneys in the Fund for any purpose whatsoever, said bonds to be in such reasonable amount and to be obtained from such source as the Board shall determine.  The cost of such bonds shall be paid out of the Fund.

SECTION 6.  All checks, drafts, vouchers or other withdrawals of money from the Fund shall be authorized in writing or countersigned by at least one Employer Trustee and one Employee Trustee.

SECTION 7.  The Board of Trustees shall maintain suitable and adequate records of and for the administration of the Fund and the Plan.  The Board may require the Employer, any Signatory Association, any Individual Employer, the Union, any affiliated local union, any Employee, Retired Employee or any other beneficiary under the Plan to submit to it any information, data, report or documents reasonably relevant to and suitable for the purposes of such administration; provided, however, that neither the Union nor any affiliated local union shall be required to submit lists of membership. The parties agree that they will use their best efforts to secure compliance with any

-16-

reasonable requests of the Board for any such information, data, report or documents. Upon request in writing from the Board, any Individual Employer will permit a certified public accountant selected by the Board to enter upon the premises of such Individual Employer during business hours, at a reasonable time or times, and to examine and copy such books, records, papers or report of such Individual Employer as may be necessary to determine whether the Individual Employer is making full and prompt payment of all sums required to be paid by him or it to the Fund.

SECTION 8.  The books of account and records of the Board of Trustees, including the books of account and records pertaining to the Fund, shall be audited at least once each year by a qualified certified public accountant to be selected by the Board. The Board shall also make all other reports required by law.  A statement of the results of the annual audit shall be available for inspection by interested persons at the principal office of the Fund and at such other suitable place as the Board may designate from time to time.

SECTION 9.  Compatible with equitable principles and to the extent that sound accounting principles permit, the Board of Trustees  may coordinate its activities in the administration of the Fund and the Plan with the administrative activities of the governing board or boards of any other fund or funds, or plan or plans, established or to be established for employees in the building and construction industry in California to such extent and upon such terms as may be deemed necessary or desirable by the Board, including the entering into and performance of agreements or arrangements with any such board or boards providing for reciprocity or the transfer or exchange of credits or contributions between or among such funds or plans upon such terms as the Board may determine are for the best interests of the beneficiaries of the Plan.

-17-

# EXHIBIT F

Union agrees to perform all of the provisions of the Agreement hereinabove referred to.

This Agreement shall be binding upon the heirs, executors, administrators, successors, purchasers, and assigns of the individual employer, including any name or style to which business is conducted with respect to work covered by this Agreement.

It is the intention of the undersigned to enforce the provisions of this Agreement only to the extent permitted by law. Except as set forth below, the individual employer waives any right that he or it may have to terminate, abrogate, repudiate or cancel this Agreement during its term, or during the term of any future modifications, changes, amendments, supplements, extensions, or renewals of or to said Master Agreement, or to file or process any petition before the National Labor Relations Board seeking such termination, abrogation, repudiation or cancellation.

This Agreement shall remain in full force and effect until June 30, 2002, and shall continue thereafter for the term of any future modifications, changes, amendments, supplements, extensions, or renewals of or to said Master Agreement which may be negotiated between the parties thereto unless either party to this Memorandum Agreement gives written notice to the other of the desire to change or cancel not more than ninety (90) days nor less than sixty (60) days prior to June 30, 2002, or June 30th of any year in which the Master Agreement may terminate.

Dated: This _____ day of _8/21/01_    Effective: This _21_ day of _AUGUST_ _2001_

NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS    _SAVAGE BUILDING MAINTENANCE_

By _Archie Thomas_    (Name of individual employer and/or Association)

Archie Thomas, Business Manager    By _Alice A. Savage_
    (Signature of individual employer or Authorized Representative)

LOCAL UNION NO. _261_    Title _OWNER_

By _Jim DeLorme_  Business Manager    (Owner, Partner, Foreman, etc.)

Title    Contractor's License No. _224025_

_SE - LE_    Address _1185 HOLLOWAY AVE._

City & State _SAN FRANCISCO, CA_    Zip _94132_

6/99 ORIGINAL 2    Telephone Number and Code _(415) 334.6756  (415)584.9204 fax_

## MEMORANDUM AGREEMENT

It is hereby mutually understood and agreed by and between the undersigned individual employer and the Northern California District Council of Laborers for and on behalf of all affiliated Local Unions in the 46 Northern California Counties hereinafter referred to as Union that for and in consideration of services performed and to be performed by Laborers for the individual employer, the individual employer agrees to comply with all wages, hours, and working conditions set forth in the Laborers' Master Agreement for Northern California June 28, 1999 through June 30, 2002 (which agreement is incorporated herein by reference and a copy of which has been delivered to me and receipt of which is hereby expressly acknowledged), which amends, modifies, supplements and renews each and every, all and singular previous Laborers' Master Agreements or individual employer Memorandum Agreement in the construction industry in the 46 Northern California Counties and any future modifications, changes, amendments, supplements, extensions or renewals of or to said Master Agreement which may be negotiated between the parties thereto for the term thereof.

The individual employer and/or association by executing this Memorandum Agreement continues to be bound by each and every of the Memoranda previously signed by said individual employer and/or association, if any, for all work performed by said individual employer as described in said Master Agreement and as covered by said Master Agreement regardless of the name or style so signed by said individual employer and/or association, if any, for all work performed by said individual employer as described in said Master Agreement and as covered by said Master Agreement regardless of the name or style by said individual employer, and specifically applies to any company, firm or corporation in the construction industry with which or to which the undersigned has any connection of any nature or kind whatsoever. The undersigned individual employer or association hereby voluntarily recognizes the Union as the majority collective bargaining representative of all employees employed by said individual employer or by members of the signatory association performing work covered by this Agreement at all jobsites located within the 46 Northern California Counties agrees that the Union has demonstrated that it is the majority representative of such employees in an appropriate collective bargaining unit.

The individual employer agrees to pay all sums of money for each hour paid for or worked by employees performing work covered by said Master Agreement to each and every all and singular of the Trust Funds specified in said Master Agreement, at their respective offices in San Francisco, Calif. and to accept and assume and be bound by all of the obligations of any trust agreement, plans, or rules or any amendments, modifications, or changes, thereof made by the parties thereto as are now or may hereafter be imposed upon any individual employer by or pursuant to any such trust, trust fund or plan as set forth in the Master Agreement or any applicable trust agreement, including the obligation to pay liquidated damages and other sums due upon delinquency as provided in said trust agreements. The individual employer hereby acknowledges receipt of copies of each of said trust agreements.

The individual employer further agrees that he or she does irrevocably designate and appoint the Employer Members of said Trust Fund and Plan mentioned in the trust agreements or plans as provided in the trust agreements or plans or as may be hereafter provided by or pursuant to said trust agreements or plans.

Notwithstanding any provision of the Master of this Agreement, it is understood that the individual employer is required to give written notice to the Union, 402 - 37th Street, Richmond, California 94805, of the name or names of any entity, person, firm, or corporation engaged in the construction industry with which the undersigned becomes or is now connected and any change of name or style under which the undersigned will be or is engaged in the construction industry in the territory covered by said Master Agreement. Such written notice must be given no less than 10 days prior to the date of any such change of name, new corporation, change of corporation status, creation or formation of any entity, etc.

Notwithstanding any provisions of the Master Agreement or this Agreement, the Union reserves the right to strike (provided however, that no aspect of the subcontractors' clause, including its enforcement, may be enforced by or subject to strike action) or process the dispute through the grievance procedure, or both, the individual employer for alleged contract violations or breach of this Agreement and such strike shall not be deemed a breach of contract by the Union. Submission of any grievance involving the undersigned individual employer shall be to the permanent neutral arbitrator provided in the grievance procedure of the Master Agreement. Claims for unpaid wages or trust fund contributions may be submitted to the Labor Commission at the sole option of the Union or the appropriate trust fund at anytime, in addition to any other remedy provided by the Master Agreement or this Agreement or by law.